IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                               Civil No. 4:11-cr-40037-027

GARY KENDRICKS                                                                              DEFENDANT

**ORDER**

Before the Court is Defendant Gary Kendrick's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 2158). The Court finds that no response is necessary and that the matter is ripe for consideration.

## I. BACKGROUND

On December 15, 2011, Defendant pleaded guilty to the charge of distribution of cocaine base in violation of Title 21 U.S.C. § 841(a)(1). On May 25, 2012, the Court sentenced Defendant to 151 months of imprisonment, 3 years of supervised release, and a $300.00 Special Assessment.

On December 22, 2020, Defendant filed the present *pro se* motion, seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and section 603 of the First Step Act of 2018 ("FSA"). Defendant states that the virus poses a health risk to him. Defendant contends that this health risk warrants granting him a compassionate release.

## II. DISCUSSION

As stated above, Defendant primarily seeks a compassionate release, resulting in a reduction of his sentence to time served. The Court cannot grant this request for the following reasons.

Defendant bears the burden of showing that compassionate release is appropriate. *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). Relief is available under the

FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). The Court must first determine whether Defendant's motion is properly raised. If so, the Court will reach the above-listed issues.

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion. "Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the [Bureau of Prisons ("BOP")] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1. However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the

applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

Defendant states that he has submitted a request for compassionate release to the warden and that it was denied, but he did not include that documentation in the present motion. Further, if Defendant's initial request was denied, he must then appeal that decision pursuant to the BOP's Administrative Remedy Program. Thus, the Court cannot find from the record that Defendant has fully exhausted his administrative remedies with the BOP before filing this motion. Accordingly, the Court must deny Defendant's motion.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant has not shown that he has fully exhausted his administrative remedies before filing the instant motion for a compassionate release. Accordingly, Defendant's motion (ECF No. 2158) is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 11th day of January, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge